IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY LIEW and KELLY LIEW,

    Plaintiffs,

        v.

CENTRAL MORTGAGE COMPANY; PAUL FINANCIAL, LLC; MTC FINANCIAL, INC. dba TRUSTEE CORPS; MERS, INC.; COMMUNITY RESIDENTIAL MORTGAGE; JEANNE CRAIN PAVAO; and STEVEN HART BLANEY,

    Defendants.
_____/

Case No. 09-CV-3030-JAM-KJM

ORDER GRANTING DEFENDANTS'
    MOTION TO DISMISS

    This matter comes before the Court on Defendants' Central Mortgage Company and Mortgage Electronic Registration Systems' ("Defendant's") Motion to Dismiss Plaintiffs Henry and Kelly Liew's ("Plaintiffs'") First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil

1

Procedure 12(b)(6). Plaintiffs do not oppose the motion.[1] The Court takes judicial notice as requested by Defendants.

This case arises from a residential mortgage transaction and foreclosure of Plaintiffs' property located at 4946 Ridge Field Circle, Fairfield, California. Plaintiffs' FAC alleges federal claims for violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and several state causes of action.

In response to Defendants' Motion to Dismiss, Plaintiffs filed a Notice of Non-Opposition. The Notice of Non-Opposition states that Plaintiffs have no opposition to dismissal of the two federal TILA and RESPA claims. Accordingly, the Court dismisses both of these claims, with prejudice.

The Notice of Non-Opposition also requests that the Court dismiss the remaining state law claims without prejudice, or in the alternative grant Plaintiffs leave to file a second amended complaint which removes the federal claims. Plaintiffs argue that because they have no opposition to the dismissal of their federal claims, and there are no allegations of diversity by either party, the Court lacks jurisdiction to decide the remaining state claims once it has dismissed the federal claims.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

"Subject to the conditions set forth in 28 U.S.C. §1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims... In the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." <u>Keen v. American Home Mortgage Servicing, Inc.</u>, 2010 WL 624306 , at *1 (E.D. Cal. Feb. 18, 2010)(internal citations omitted).

Defendants did not respond to the Notice of Non-Opposition and have offered no argument as to why the Court should retain jurisdiction of the case when no federal claims remain. Accordingly, because all federal claims have been dismissed from this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## ORDER

For the reasons set forth above, Defendants' Motion to dismiss is GRANTED. Plaintiffs' TILA and RESPA claims are hereby DISMISSED, WITH PREJUDICE. The Court declines to exercise jurisdiction over the remaining state law claims. The state law claims are DISMISSED, WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 14, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3